STATE OF MAINE
CUMBERLAND, ss.

DISTRICT COURT
PORTLAND
Docket No. CV-19-74

ITRIA VENTURES, INC. )
)
     Plaintiff )
)
v. )   ORDER ON DEFENDANTS'
)   OBJECTION TO REGISTRATION
)   OF FOREIGN JUDGMENT
)
BENNY'S FAMOUS SEAFOOD LLC )
and JOSEPH GAUDETTE )
)
     Defendants )

REC'D CUMB CLERKS OF
MAY 13 '19 AM9:48

Plaintiff obtained a money judgment against Defendants in the Kings County Supreme Court of the State of New York on October 18, 2018. A Notice of the filing of that New York Judgment in this court issued on February 14, 2019. By filing dated March 15, 2019, Defendant objects to that filing and seeks a stay of enforcement on the ground that the New York courts lacked personal jurisdiction over Defendants.

Both parties cite the Uniform Enforcement of Foreign Judgments Act, 14 M.R.S. § 8001 *et seq.*, which does not address the issue of personal jurisdiction. The Uniform Foreign Money-Judgments Recognition Act, 14 M.R.S. § 8501 *et seq.*, does, however, provide that a "foreign judgment is not conclusive if … B. The foreign court did not have personal jurisdiction over the defendant …." *See id.* § 8505(1)(B).

However, in asserting that the New York court lacked personal jurisdiction because of the absence of the requisite "minimum contacts" with New York, Defendants fail to take into account their contractual waivers of such a defense. The Future Receivables Sale Agreement, signed by Mr. Gaudette before a notary, provides in pertinent part that "Any lawsuit arising out of or relating to this Agreement will be submitted to the co-exclusive *in personam* jurisdiction of the state and federal courts of either the State of Delaware or the State of New York …. **Each party hereby irrevocably and unconditionally submits to the personal jurisdiction of the tribunals specified ….**" Agreement at ¶ 15 (bold emphasis in original). Similarly, the signed and notarized Affidavit and Confession of Judgment states in pertinent part: "I, individually and on behalf of Merchant Defendant, consent to the jurisdiction of the … Supreme Court of the State of New York, Kings County …." *See* Affidavit of Confession of Judgment at ¶ 3.

Given that Defendants contractually agreed to submit to the personal jurisdiction of the New York courts, there is no basis upon which this court may decline to recognize the New York Judgment. *See, e.g., GENUJO LOK Beteiligungs GmbH v. Zorn*, 2008 ME 50, ¶ 22 (reasoning that debtor had consented to personal jurisdiction of German court by virtue of forum selection clause in affirming Maine court's recognition of German judgment).

It is accordingly hereby ORDERED that Defendants' Objection, Motion for Stay and Motion for Relief is DENIED.

The clerk shall incorporate this Order on the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED: 5/10/19

Maria Woodman
Maine District Court Judge

Entered on the Docket: 5/13/19

2